IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 31 2014
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| RONALD L. GRUENENFELDER<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | CV 13–162–M–DWM–JCL<br><br><br>ORDER |

Plaintiff Ronald Gruenenfelder ("Gruenenfelder") brings this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Gruenenfelder filed his application in November 2007, alleging disability since January 1, 1998. (Tr. 223.) After the Commissioner denied his application, Gruenenfelder requested a reconsideration hearing, which took place on September 14, 2009. (Tr. 163–165, 166, 107.) The Administrative Law Judge ("ALJ") also denied Gruenenfelder's application, but the Appeals Council granted

1

his request for review and remanded the case for a new decision. (Tr. 144–153, 159–161.) On June 26, 2012, the ALJ issued a second decision, again finding Gruenenfelder was not disabled on or before the expiration of his insured status on December 31, 2002. (Tr. 15–37.) The Appeals Council denied Gruenenfelder's second request for review, making the ALJ's decision final for purposes of judicial review. (Tr. 1–3.) This matter comes before the Court on Gruenenfelder's motion for summary judgment. (Doc. 13.) Magistrate Judge Jeremiah C. Lynch entered findings and recommendations on September 4, 2014, recommending that the Court deny Gruenenfelder's motion and affirm the Commissioner's decision. (Doc. 23.) No party objected to any of the findings and recommendations.

The court reviews findings and recommendations on nondispositive motions for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.2d at 1313, and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo*

or any other standard, when neither party objects to those findings."). This Court reviews for clear error.

In making the determination that Gruenenfelder was not disabled, the ALJ relied on his assessment of Gruenenfelder's credibility and the opinions of Dr. Kendrick Blais and Dr. Harvey Swanson, Gruenenfelder's treating physicians. The ALJ's reasoning here achieves the level of specificity required by the Ninth Circuit. "The [ALJ] must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Embrey v. Bowen*, 849 F.2d 418, 421–422 (9th Cir. 1988); *accord Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record. Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick*, 157 F.3d at 725 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)) (internal citations omitted). The ALJ may accomplish this by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1998).

3

The ALJ gave little weight to Dr. Blais's current opinion as to Gruenenfelder's functional limitations on or before December 31, 2002, because Dr. Blais's opinion is not consistent with the treatment notes he made at the time. (Tr. 29.) As the ALJ noted, "[t]here is no indication in the medical record that any of claimant's treating sources stated on or before December 31, 2002, that he was unable to work or had any significant functional limitations." (Tr. 30.) The record supports this assessment. In March 2000, Dr. Blais encouraged Gruenenfelder to try "voc rehab" because he seemed "very able to participate in office level work at least." (Tr. 425.) In December 2000, Dr. Blais noted that "[Gruenenfelder's] apparent clinical presentation is not consistent with his stated complete disability." (Tr. 421.) And in May 2002, Dr. Blais noted that "[Gruenenfelder's] recent acute exacerbation of back pain has diminished back to baseline," and Dr. Blais "[e]ncouraged [Gruenenfelder] to increase his activity gradually by walking." (Tr. 416.) Almost ten years later, Dr. Blais completed a questionnaire provided by Gruenenfelder's counsel and marked "yes" to the question "Did Mr. Gruenenfelder suffer from a combination of physical impairments that negatively impacted his ability to obtain or sustain work activity on or prior to December 2002?". (Tr. 570.) Dr. Blais also marked "yes" to the question "Is it your opinion that because of the combination of Mr. Gruenenfelder's impairments he has been

4

precluded since prior to December 2002 from light work or sedentary work . . . ?". (Tr. 571.) The ALJ compared Dr. Blais's answers to this questionnaire with the treatment notes he made at the time (prior to December 2002), determined that the two were inconsistent, and decided to give little weight to Dr. Blais's current opinion. This is a sufficiently clear and convincing reason, supported by substantial evidence, for rejecting Dr. Blais's opinion as set forth on the May 8, 2012 questionnaire.

The ALJ gave little weight to Dr. Swanson's opinion as to Gruenenfelder's functional limitations on or before December 31, 2002, because Dr. Swanson did not even begin treating Gruenenfelder until June of 2007. (Tr. 29.) Dr. Swanson saw Gruenenfelder four times, in June 2007, August 2007, February 2008, and August 2008. (Tr. 439, 441, 456–458.) In Gruenenfelder's patient notes, Dr. Swanson listed ongoing lower back pain but no significant functional limitations. (*Id.*) On May 28, 2012, Dr. Swanson completed a questionnaire provided by Gruenenfelder's counsel and marked "yes" to the question "Did Mr. Gruenenfelder suffer from a combination of physical impairments . . . that negatively impacted his ability to obtain or sustain work activity on or prior to December 2002?". (Tr. 566.) Dr. Swanson also marked "yes" to the question "Is it your opinion that because of the combination of Mr. Gruenenfelder's

impairments he has been precluded since prior to December 2002 from light work or sedentary work . . . ?". (Tr. 567.) The ALJ compared Dr. Swanson's answers to this questionnaire with the treatment notes he made at the time (from June 2007–August 2008), determined that the two were inconsistent and that Dr. Swanson had no basis for speculating about Gruenenfelder's ability to work prior to December 2002, and decided to give little weight to Dr. Swanson's current opinion. This is a sufficiently clear and convincing reason, supported by substantial evidence, for rejecting Dr. Swanson's opinion as set forth on the May 8, 2012 questionnaire.

Finally, the ALJ found Gruenenfelder's testimony not entirely credible because his description of his back pain as debilitating and precluding work activity prior to December 2002 is inconsistent with his limited medical treatment and with evidence of the activities in which he engaged. (Tr. 26, 29.) If the ALJ finds "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and "there is no evidence of malingering, the [ALJ] can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citations omitted).

Gruenenfelder met his initial burden because he provided evidence that he has underlying impairments that could reasonably be expected to produce some symptoms and the ALJ did not find that he was malingering. However, to support his finding that Gruenenfelder's testimony was not entirely credible because his description of his back pain is inconsistent with his limited medical treatment, the ALJ pointed to the fact that Gruenenfelder did not provide any evidence of medical treatment between May 29, 2002, and June 4, 2007. (Tr. 26.) The ALJ also noted that when Gruenenfelder did seek medical treatment, he "sought only occasional prescription pain medication and [] he repeatedly declined to participate in physical therapy or other activities recommended by his treating physician." (*Id.*) There is also no evidence that Gruenenfelder sought or received any medical treatment for his impairment for more than a year after the alleged onset date of January 1, 1998. (Tr. 29.) The ALJ permissibly questioned Gruenenfelder's credibility based on his limited medical treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2007) ("The [ALJ] is permitted to consider lack of treatment in his credibility determination."); *Parra v. Astrue*, 482 F.3d 742, 751 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment").

The ALJ also supported his finding that Gruenenfelder's testimony was not

entirely credible by comparing Gruenenfelder's description of his back pain with evidence of the activities in which he engaged. The ALJ relied on evidence in the record that Gruenenfelder's daily activities "included riding in a truck over bumpy roads; cutting, loading, and lifting firewood; hunting; and hauling water." (Tr. 29.) The ALJ reasonably concluded that although these activities caused Gruenenfelder discomfort, the fact that he engaged in these activities undermined his testimony that his back pain is debilitating. The ALJ provided sufficiently clear and convincing reasons for finding Gruenenfelder's testimony about the severity of his pain and the resulting limitations not entirely credible.

Accordingly, IT IS ORDERED that Magistrate Judge Lynch's Findings and Recommendations (Doc. 23) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Gruenenfelder's motion for summary judgment (Doc. 13) is DENIED and the decision of the Commissioner is AFFIRMED.

Dated this 31st day of October, 2014.

Donald W. Molloy, District Judge
United States District Court